UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| SHELLY L. FLOOD, a/k/a<br>Shelly O'Donnell-Flood, and<br>KERI FLOOD,<br><br>    Plaintiffs<br><br>v.<br><br>BANK OF AMERICA CORPORATION,<br>et al.,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  1:12-cv-00105-GZS<br>)<br>)<br>)<br>)<br>) |

**ORDER RE: MOTION TO AMEND (ECF No. 48)**

Following the close of all discovery, save for one deposition not relevant to the current motion to amend, for which plaintiff was granted a limited extension, and well past the deadline for amendment of pleadings set forth in the scheduling order, Shelly Flood has once again moved to amend the amended complaint. (ECF No. 48.) By the current proposed amendment Flood wants to "clarify" that her claim of discrimination under the Maine Human Rights Act is based on retaliation as well as her sexual orientation. The defendant employer, FIA Card Services, objects to the amendment arguing that Flood has failed to demonstrate "good cause" for the delay, that FIA would be unduly prejudiced because discovery has closed, and that the proposed amendment is, in their view, futile in any event. I now deny the motion to amend.

**MOTION TO AMEND STANDARD**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, prior to trial a party may amend his pleading once, as a matter of course at the outset of litigation, but may only amend the pleading further with the opposing party's consent or with leave of court. Fed. R. Civ. P. 15(a). When leave of court is called for, the court "should freely give leave when justice so requires."

Fed. R. Civ. P. 15(a)(2). This standard is not difficult to meet, but it **"becomes compounded with a higher standard"** after the expiration of the court's scheduling order deadline for amendment of pleadings and joinder of parties. Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F.3d 315, 327 (1st Cir. 2008); El-Hajj v. Fortis Benefits Ins. Co., 156 F. Supp. 2d 27, 34 (D. Me. 2001). Under Rule 16: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"[L]iberally granting motions to amend the pleadings—filed after a party has disregarded the scheduling order deadline—would effectively 'nullify the purpose of Rule 16(b)(1).'" O'Connell v. Hyatt Hotels, 357 F.3d 152, 155 (1st Cir. 2004) (quoting Riofrio Anda v. Ralston Purina Co., 959 F.2d 1149, 1155 (1st Cir. 1992)). The good cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). "Prejudice to the opposing party remains relevant but is not the dominant criterion." O'Connell, 357 F.3d at 155. "Regardless of the context, the longer a plaintiff delays, the more likely the motion to amend will be denied[.]" Steir, 383 F.3d at 12.

Even when the liberal standard of Rule 15 applies a proposed amendment that would be futile should be denied. A complaint is futile if, as amended, it "would fail to state a claim upon which relief can be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). In determining whether an amended complaint is futile, a court "applies the same standard of legal sufficiency as applies to a [Federal Rules of Civil Procedure] Rule 12(b)(6) motion." Id.

**DISCUSSION**

As a preliminary matter I reject the defendant's futility argument which is based upon the fact that Flood failed to raise a retaliation claim before the Maine Human Rights Commission and thus failed to exhaust her administrative remedies. Unlike federal law, the Maine Human Rights Act permits an employee to sue under the Act even if she has not first filed a claim administratively with the Maine Human Rights Commission. The statute merely provides that, unless the plaintiff has first filed a complaint with the Commission and the Commission has taken certain action to dispose of the matter, certain remedies will be precluded in the civil action. 5 M.R.S. § 4622(1). The Maine Law Court has never read an exhaustion provision into the Act and the defendant does not cite any authority in support of its position that the failure to exhaust a retaliation claim should result in dismissal of that claim. Assuming the motion to amend was granted, and further assuming that Flood failed to prevail on a claim of sexual orientation discrimination, but did prevail on a claim of retaliation, the question of allowable remedies might become a viable issue. That issue need not be addressed in the context of this motion to amend.

Flood argues that her motion should be allowed because it is based on the evidence developed in the course of discovery after the amendment deadline, which was June 25, 2012. Flood specifically references the August 23, 2012, deposition of Diana Castle, the supervisor who allegedly discriminated against her. According to Flood, Castle's deposition testimony indicates that Castle's discriminatory animus arose not only from Castle's bias based on Flood's sexual orientation, but also from the fact that Flood lodged a complaint against Castle with Castle's own supervisor about the alleged sexual orientation discrimination. At the deposition Castle testified that her supervisor had appeared to side with Flood and had told Castle to

"straighten things out." (Reply at 3, ECF No. 53.) Apparently, upon reflection Flood believes that her immediate supervisor, Castle, might not have been motivated by discriminatory animus based on sexual orientation, but instead could have fired Flood in retaliation for her complaint. Flood wishes to add the following allegation to her pleading:

> Unlawful discrimination further occurred within the meaning of the Maine Human Rights Act in that the Bank illegally retaliated against Shelly Flood by subjecting her to invidious actions, unjust discipline, and termination because she had complained about what she believed in good faith to be unlawful practices under the said Maine Human Rights Act.

(Proposed Second Amended Complaint ¶ 15, ECF No. 48-1.) In theory, if Flood should fail to prove sexual orientation animus, she would get a second bite at the apple because she will have pled a separate type of discrimination in a retaliation claim. Flood does not offer any explanation as to why she did not seek leave to amend at an earlier date. As it stands, over two months transpired from the date of the Castle deposition until the motion to amend was filed. Moreover, Castle's deposition testimony reflects that Shelly Flood was present during the meeting with Castle and her supervisor, so the circumstances related to the meeting were not newly discovered. (Castle Deposition Transcript at 52:13—53:1, ECF No. 53-1.)

      Flood argues in conclusory fashion that she meets the "good cause" requirement based on these circumstances, but more significantly she maintains that the "good cause" standard is not applicable. Instead Flood defends the tardy filing as "prospective," by which she means a motion "to enable the issues raised in the pleadings to be consistent with the evidence that has been developed for trial." (Reply at 1, citing Fed. R. Civ. P. 15(b).) According to Flood the scheduling order deadlines could not have been meant to apply to motions under Rule 15(b) because the rule expressly contemplates amendments to pleadings during and after trial. (Id. at 1-2.) To the extent the addition of paragraph fifteen is simply an attempt to include an allegation

that would support Castle's testimony about how her own supervisor told her to deal with Flood's complaint, it would make perfect sense as further evidence of Castle's discriminatory animus based on Flood's sexual orientation.  However, to the extent the amendment is intended to put forth an entirely separate claim for retaliation, apart from sexual orientation discrimination, it not only introduces a new legal theory but changes the entire focus of the case and the type of evidence which defendant might want to present.  FIA quite rightly suggests that if the amendment is allowed, discovery should be reopened to allow it to explore, at a minimum, the basis for Flood's new found belief as to the basis for her termination.  (See Shelly Flood Deposition at 9, ECF No. 52-2 (denying existence of any claim other than claims for defamation and sexual orientation discrimination).)

I conclude that the good cause standard applies to this proposed amendment and that Flood has failed to demonstrate good cause for failing to file this motion until October 29, 2012. Shelly Flood was herself present at the meeting that was the subject of Ms. Castle's deposition testimony, so this is not a case of newly discovered evidence.  Even if she had not been present, Plaintiffs obtained Castle's deposition testimony on August 23, 2012, two months prior to the motion to amend.  If a claim for retaliation[1], apart from sexual orientation discrimination, is available in this case, all of the factual predicates were known well in advance of the date on which the motion was filed and the proposed amendment should have been promptly filed.

If the motion to amend is truly intended as a preemptive[2] motion under Rule 15(b)(1), if the defendant actually objects at trial to the admissibility of testimony about Castle's encounter

---

[1]    Flood's proposed amended complaint does not add a separate count for retaliation.  (See Proposed Amended Complaint, ECF No. 48-1.)  The proposed second amended complaint, like the amended complaint, consists of six counts.

[2]    "The plain language of Rule 15(b) only applies where the issue presented in the proposed amended pleading was tried (or was in the process of being tried) when the motion for leave to amend the complaint was filed."  Chesemore v. Alliance Holdings, Inc., 284 F.R.D. 416, 419 (W.D. Wis. 2012).

with her own supervisor, the trial court can rule on the objection and certainly the defendant will not be able to object based on unfair surprise about the content of the evidentiary material. Even under current pleading standards, I do not believe that every fact supporting a claim of discrimination must be set forth in the complaint. But Castle's alleged decision to terminate or otherwise take adverse action against Flood for going to the supervisor must be based upon discriminatory animus based on sexual orientation. In that sense it is part and parcel of count I of the current amended complaint and not a new legal theory based on an entirely different sort of claim.

## CONCLUSION

Based upon the foregoing I now deny the motion to amend to the extent it seeks to add a new legal claim based solely upon a theory of retaliatory discharge because the plaintiff has failed to demonstrate good cause for the tardy amendment.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
December 10, 2012             /s/ Margaret J. Kravchuk
                              U.S. Magistrate Judge